**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LILLIAN PITTMAN,**

              **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-736-Orl-31DAB**

**PICTURE PERFECT HAIR and CAROLE BROWN,**

              **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 21)**
>
> **FILED:** December 5, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part and **DENIED** in part.

Plaintiff moves for entry of final default judgment against her[1] former employer. According to the docket, Plaintiff sued Picture Perfect Hair, Carole Brown and Ann Burdette regarding non-payment of wages for work performed from April 27, 2004 to May 11, 2004, calculated by Plaintiff to be $261.36, plus liquidated damages in like amount, for a total of $522.72. Plaintiff also seeks an

---

[1] The Court assumes by the name "Lillian" that Plaintiff is female, although the Complaint and motion repeatedly refer to Plaintiff as "he." The Court suspects this is the result of the use of form pleadings and lack of proofreading.

award of $1,952.00 for attorney's fees and costs.  For the reasons set forth herein, it is **respectfully recommended** that final judgment be entered against Defendants Picture Perfect Hair and Carole Brown in the total amount of $522.72, plus $250.00 for attorney's fees.  Costs should be taxed as a matter of course, following entry of judgment.

Plaintiff initially sued three defendants, but served only two with process.  Plaintiff then filed her first motion for entry of clerk's default (Doc. No. 9), which sought default against all three Defendants.  The motion was terminated by the Clerk, in order to allow counsel to refile with correct defendant designations. *Id.*  An Amended Motion against Picture Perfect Hair and Carole Brown was filed (Doc. No. 10), and the Clerk entered default on July 26, 2005 (Doc. No. 11).  No record activity occurred until September 23, 2005, when the Court issued an Order to Show Cause as to why the case against the third defendant should not be dismissed for failure to prosecute (Doc. No. 12).

On October 4, 2005, Plaintiff moved to substitute counsel, responded to the Order to Show Cause (pleading excusable neglect), and moved to dismiss Defendant Burdette for failure to locate her (Doc. Nos. 13, 14 and 15).  The motions were granted.

Following no record activity, the Court issued another Order to Show Cause, this time for failure to move for default judgment (Doc. No. 18).  Plaintiff filed a response to the Order, again asserting excusable neglect, and the Court directed Plaintiff to file the instant motion (Doc. No. 20).

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston*

*National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, Plaintiff offers an Affidavit attesting to her employment, and the amounts due. Although Plaintiff does not calculate the sum by hourly wage, absent objection by the defaulting defendants the Court accepts the sworn statement as to the unpaid wages due. As a default admits the well-plead allegations, Defendants have admitted that they willfully failed to pay wages to Plaintiff. In Affidavit summarized above, Plaintiff established the hours worked, the wages owed, and the fact that she was, indeed, not paid. Thus, Plaintiff has established her entitlement to an award of damages and liquidated damages, pursuant to the Fair Labor Standards Act (29 U.S.C.A.§ 201, *et seq.,* herein "the FLSA").

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also*, *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases.") Here, current counsel contends that she spent 1.7 hours at $250.00 per hour (total $425.00), prior counsel spent 1.9 hours at $150.00 per hour (total $285), and paralegal time of 9.5 hours at $95.00 per hour (total $902.50) was incurred. Although Plaintiff has prevailed and is therefore entitled to attorney's fees, any such award must be reasonable. As Plaintiff offers no itemized billing sheet or other document

detailing the work performed by counsel and staff, the reasonableness of the claimed time is impossible to evaluate.[2]  Moreover, the Court suspects that a great deal of that time was spent responding to the Court's Orders to Show Cause, refiling the motion for entry of default to reflect the correct defendants, and preparing the motion for substitution and motion to dismiss.  None of these tasks served to advance the case against these Defendants, but are rather the result of counsel's numerous missteps and are thus not properly chargeable to these Defendants.  Absent an evidentiary basis supporting the hours claimed, and in view of the foregoing, the Court **recommends** a minimal award of $250.00.

It is therefore **respectfully recommended** that judgment be entered for Plaintiff in the amount of $522.72, plus $250.00 for attorney's fees.  Costs should be taxed by the Clerk in the normal course, as prescribed by the Federal Rules of Civil Procedure.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 12, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] Additionally, the Court notes that current counsel states no basis for personal knowledge as to the hours incurred by former counsel.  In her motion to substitute, current counsel notes that she was newly affiliated with the law firm.